HAS S. JAWANDHA, ESQ. (CA SBN 322005)
Jawandha Injury Law
2603 Camino Ramon, Suite 200
San Ramon, CA 94583
Telephone: (925) 292-6090
Facsimile: (925) 290-6998
Email: has@jillaw.com

Attorney for *Plaintiff*
ZAMIRA HAZRATI

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| ZAMIRA HAZRATI, an individual,<br><br>Plaintiff,<br>vs.<br><br>ALLY FINANCIAL INC.; ALLY BANK; LOCATION SERVICES, LLC; PARAMOUNT RECOVERY SERVICE; and DOES 1 through 50, inclusive.<br><br>Defendants. | CASE NO.<br><br>**CIVIL COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL:**<br><br>**1. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT;**<br>**2. VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT;**<br>**3. BREACH OF THE PEACE REPOSSESSION;**<br>**4. CONVERSION;**<br>**5. NEGLIGENCE;**<br>**6. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS;**<br>**7. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS** |

## INTRODUCTION

Plaintiff ZAMIRA HAZRATI (hereinafter "Plaintiff") brings this action by and through the above-named attorneys, and hereby complains and alleges against Defendants ALLY FINANCIAL INC., ALLY BANK, LOCATION SERVICES, LLC, and PARAMOUNT RECOVERY SERVICE (collectively hereinafter "Defendants"), and each of them as follows:

///

## PARTIES

1. At all times relevant herein Plaintiff ZAMIRA HAZRATI (hereinafter referred to as "Plaintiff") is an individual and a resident of Sacramento, California and is a "Consumer" as defined by 15 U.S.C. § 1692(a)(3).

2. At all times relevant herein, Defendant ALLY FINANCIAL INC. (hereinafter referred to as "Ally Financial") is a financial services company headquartered in the State of Delaware, conducting business in the State of California.

3. At all times relevant herein, Defendant ALLY BANK (hereinafter referred to as "Ally Bank") is a direct banking subsidiary of Ally Financial and conducts business in the State of California.

4. At all times relevant herein, Defendant LOCATION SERVICES, LLC (hereinafter referred to as "Location Services") is a company that specializes in nationwide recovery management, skip tracing, and impound services on behalf of lenders and creditors, with its headquarters in Indianapolis, Indiana, and conducts business in the State of California.

5. At all times relevant herein, Defendant PARAMOUNT RECOVERY SERVICE (hereinafter referred to as "Paramount") is a company that is engaged and licensed in the business of asset repossession and security interest recovery services, conducting business in the State of California, under license number RA 1786, issued by the Bureau of Security and Investigative Services.

6. For purposes of Plaintiff's claims under 15 U.S.C. § 1692f(6), Defendant Paramount is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

7. The true names and capacities of the Defendants named herein as DOES 1 through 50, inclusive (hereinafter referred to as "Doe Defendants"), whether individual, corporate, associate, or otherwise, are unknown to Plaintiffs who therefore sue such Doe Defendants by fictitious name. Plaintiff is informed and believes and, on that basis, alleges that each Defendant sued herein as a Doe Defendant was and is in some manner responsible for the events and happenings referred to herein, and caused injuries and damages proximately thereby to as hereinafter alleged. Plaintiff will amend this Complaint as a matter of right or seek leave to amend this Complaint to show such

true names and capacities of the Defendants designated herein when the same have been ascertained.

## JURISDICTION AND VENUE

8. The acts and omissions alleged herein took place in Sacramento, California.

9. The Court has jurisdiction over this action under 28 U.S.C. § 1331, 15 U.S.C. § 1692, *et seq*. and 28 U.S.C. § 2201. The Court also has supplemental jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

10. Because Defendants conduct business, and conducted business at all times relevant herein, in the State of California, personal jurisdiction is established.

11. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

12. Plaintiff brings this action after the Defendants illegally repossessed her vehicle in breach of peace, thereby violating California Commercial Code § 9609 and the Rosenthal Fair Debt Collection Practices Act. Plaintiff also brings a claim against Defendants for illegally repossessing her vehicle in violation of the Fair Debt Collection Practices Act, codified at 15 U.S.C. § 1692. Plaintiff also brings tort claims against Defendants for Conversion, Negligence, Negligent Infliction of Emotional Distress, and Intentional Infliction of Emotional Distress.

13. Plaintiff is seeking statutory damages, actual damages, and punitive damages, as well as attorney's fees and costs.

## FACTUAL ALLEGATIONS

14. Plaintiff repeats, reiterates, and incorporates the allegations contained in the above paragraphs with the same force and effect as if the same were set forth at length herein.

15. The Plaintiff owns a 2022 Chevrolet Malibu (hereinafter "the Vehicle") which was fully paid off at the time of purchase from Plaintiff's husband's employer, AJ's Towing, LLC. Plaintiff purchased the vehicle on or about October 1, 2024, for the amount of $1,500.00.

16. The Plaintiff purchased and used the Vehicle for her own personal use and enjoyment.

17. For reasons unknown to Plaintiff at the time that the allegations herein are being asserted, Defendant Ally Financial, Inc. by and through its subsidiary, Defendant Ally Bank, contracted

Defendant Location Services to repossess the Vehicle. Defendant Location Services contracted with Defendant Paramount to carry out the repossession of Plaintiff's vehicle.

18. At no time was there an outstanding debt that Plaintiff failed to pay off with respect to purchase of the Vehicle.

19. On the afternoon of March 18, 2025, at approximately 1:40 p.m., Plaintiff was inside her home when she heard alarming noises coming from the front of her home. As Plaintiff checked to see what the source of the noise was, she was surprised to see a black tow truck – later identified as belonging to Defendant Paramount – attempting to back into her driveway. To Plaintiff's complete surprise her vehicle, the Chevrolet Malibu, was being repossessed.

20. Upon witnessing the repossession agent from Defendant Paramount attempting to back up his towing vehicle towards Plaintiff's Chevrolet Malibu, Plaintiff proceeded to go outside to the front of her home to confront the agent and state her verbal objection as to the repossession agent taking the Vehicle and for him to immediately leave her property.

21. Against Plaintiff's vehement verbal objections and demands for the repossession agent to leave her property, Defendant Paramount's repossession agent continued to back his towing vehicle onto Plaintiff's property. In the process of doing so, the repossession agent's towing vehicle caused damage by force to Plaintiff's driveway, front yard, lawn sprinklers, and the Vehicle that was being repossessed.

22. Witnessing the forceful damage and the carelessness of Defendant Paramount's repossession agent, Plaintiff continued to object to the repossession and demanded that her vehicle and the personal property within the Vehicle not be touched or taken. However, Plaintiff's verbal objections fell on deaf ears and the repossession agent continued to take the Vehicle.

23. At this point, Defendants' repossession agent completed the repossession of the Vehicle as Plaintiff continued to helplessly watch and object.

24. At the time of the repossession, Plaintiff was pregnant. Witnessing the repossession and the circumstances surrounding the repossession caused Plaintiff a great deal of emotional distress which ultimately caused her to suffer a miscarriage, resulting in further emotional distress and anguish.

25. Following the illegal repossession, Plaintiff and her husband contacted Defendant Location Services to protest the repossession and provide documentation proving that Plaintiff was the rightful

owner of the Vehicle and no lien was attached to the Vehicle for which Plaintiff was responsible or delinquent for at the time of the repossession.

26. During this process, which lasted nearly three months, Plaintiff was repeatedly instructed to communicate with various employees of Defendant Location Services, Ally Bank, and Ally Financial to resolve the issue surrounding the wrongful repossession. Although Plaintiff communicated with Defendants over multiple lengthy telephone calls and e-mail communications, Defendants seemed to be unable to resolve the issue for months on end. However, at some point during this process, it became clear to Defendants that they had wrongfully and illegally repossessed the Vehicle and were holding it and Plaintiff's personal property in error and in violation of the law.

27. After months of being given the run around by Defendants, Plaintiff was finally instructed to retrieve her vehicle from an auction lot contracted by Defendant Paramount and managed by IAA Sacramento in Sacramento, California, on or about May 2, 2025, however, Plaintiff did not receive written notice of this until May 16, 2025.

28. The Vehicle was in grave disrepair and required extensive maintenance and mechanical work to be repaired to its functioning state. However, much of the damage caused by Defendants in the process of repossessing and then holding the illegally repossessed vehicle is beyond repair.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

**15 U.S.C. section 1692f, *et seq.***

**(Against Defendants Ally Financial Inc., Ally Bank, and Location Services, LLC)**

29. Plaintiff incorporates, repeats, reiterates, and re-alleges each and every fact and/or allegation set forth in the prior and the subsequent paragraphs of this complaint with the same force and effect as though more fully set forth at length herein.

30. Plaintiff brings this cause of action against Defendants Ally Financial, Ally Bank, and Location Services.

31. Section 1692f of the FDCPA prohibits debt collectors from using any unfair or unconscionable means to collect or attempt to collect any debt.

32. Section 1692f(6) of the FDCPA specifically prohibits debt collectors from taking or threating to take any nonjudicial action to effect disposition or disablement of property if:

(A) There is no present right to possession of the property claimed as collateral through an enforceable security interest; or

(B) The property is exempt by law from such dispossession or disablement.

33. At the time of the repossession, the Plaintiff was actively, consistently, and repeatedly objecting to the repossession.

34. To repossess the Vehicle, Defendants breached the peace, in violation of California Commercial Code section 9609, which only allows repossessions that can be accomplished without force and without a breach of the peace.

35. The Defendants breached the peace by continuing with the repossession in the face of Plaintiff's repeated, consistent, and unambiguous verbal objections, by continuing to remain on Plaintiff's property after being demanded to leave the property and by forcefully performing the repossession which caused damage to Plaintiff's personal and private property.

36. At all times relevant herein, Defendants did not have the present right to possession of the Vehicle, and it was clearly exempt from repossession. Moreover, it was reiterated to Defendants' repossession agent that he did not have the right to take the Vehicle. As a result, Defendants did not have the present right to possession of the Vehicle, and they breached the peace in repossessing it as they were prohibited from doing so.

37. As a result, Defendants violated 15 U.S.C. section 1692f(6) when they repossessed the plaintiff's vehicle.

38. By attempting to illegally repossess the Vehicle in violation of the FDCPA – and by subsequently illegally repossessing the Vehicle – Defendants harmed the Plaintiff, in subjecting Plaintiff to improper and deceptive collection activity, in violation of Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, and from being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.

39. Defendants' illegal and willful activity also harmed Plaintiff by causing her to suffer anger, anxiety, embarrassment, emotional distress, frustration, and by depriving her of the use of her vehicle and right to pre-repossession judicial process, and by damaging Plaintiff's property.

40. By reason thereof, Defendants are liable to the Plaintiff for judgment that Defendants' conduct violated 15 U.S.C. section 1692f, statutory damages, actual damages, punitive damages, costs and attorneys' fees.

## SECOND CAUSE OF ACTION – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

**(Against All Defendants)**

41. Plaintiff incorporates by reference, repeats, reiterates and re-alleges each and every fact and/or allegation set forth in the prior and/or subsequent paragraphs of this complaint with the same force and effect as though more fully set forth at length herein.

42. California Civil Code section 1788.17 mandates that every person or entity collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive of, and shall be subject to remedies in Section 1692k of Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. section 1692, *et seq*.

43. As set forth above, Section 1692f of the FDCPA prohibits debt collectors from using any unfair or unconscionable means to collect or attempt to collect any debt.

44. Section 1692f(6) of the FDCPA specifically prohibits debt collectors from taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if:

(B) There is no present right to possession of the property claimed as collateral through an enforceable security interest; or

(C) The property is exempt by law from such dispossession or disablement.

45. At the time of the repossession, the Plaintiff was actively, consistently, and repeatedly objecting to the repossession.

46. To repossess the Vehicle, Defendants breached the peace, in violation of California Commercial Code section 9609, which only allows repossessions that can be accomplished without force and without a breach of the peace.

47. The Defendants breached the peace by continuing with the repossession in the face of Plaintiff's repeated, consistent, and unambiguous verbal objections, by continuing to remain on Plaintiff's property after being demanded to leave the property and by forcefully performing the repossession which caused damage to Plaintiff's personal and private property.

48. At all times relevant herein, Defendants did not have the present right to possession of the Vehicle, and it was clearly exempt from repossession. Moreover, it was reiterated to Defendants' repossession agent that he did not have the right to take the Vehicle. As a result, Defendants did not have the present right to possession of the Vehicle, and they breached the peace in repossessing it as they were prohibited from doing so.

49. As a result, Defendants violated 15 U.S.C. section 1692f(6) when they repossessed the plaintiff's vehicle.

50. Defendants' actions stated above violated the FDCPA, and therefore also the RFDCPA, and were done knowingly and willfully.

51. By attempting to illegally repossess the Vehicle in violation of the RFDCPA – and by subsequently illegally repossessing the Vehicle – Defendants harmed the Plaintiff, in subjecting Plaintiff to improper and deceptive collection activity, in violation of Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, and from being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.

52. Defendants' illegal and willful activity also harmed Plaintiff by causing her to suffer anger, anxiety, embarrassment, emotional distress, frustration, and by depriving her of the use of her vehicle and right to pre-repossession judicial process, and by damaging Plaintiff's property.

53. By reason thereof, Defendants are liable to the Plaintiff for judgment that Defendants' conduct violated the RFDCPA, statutory damages, actual damages, punitive damages, costs and attorneys' fees.

///

///

///

///

**THIRD CAUSE OF ACTION – BREACH OF THE PEACE REPOSSESSION**

**California Commercial Code section 9609**

**(Against All Defendants)**

54. Plaintiff incorporates, repeats, reiterates and re-alleges each and every fact and/or allegation set forth in the prior and subsequent paragraphs of this complaint with the same force and effect as though more fully set forth at length herein.

55. California only permits self-help repossession of consumer motor vehicles where possession can be obtained without breach of the peace, pursuant to California Commercial Code section 9609.

56. Defendants breached the peace by continuing with the repossession in the face of Plaintiff's repeated, consistent, and unambiguous verbal objections, by continuing to remain on Plaintiff's property after being demanded to leave the property and by forcefully performing the repossession which caused damage to Plaintiff's personal and private property.

57. As a direct and proximate result of the Defendants' breach of the peace repossession, Plaintiff suffered damages including, but not limited to, the loss of use of the vehicle and her personal property, damage to her property, the loss of the right to pre-repossession judicial process, as well as mental and emotional harm, including, but not limited to, frustration, embarrassment, anxiety, severe emotional distress, and anguish.

**FOURTH CAUSE OF ACTION – CONVERSION**

**(Against All Defendants)**

58. Plaintiff incorporates, repeats, reiterates and re-alleges each and every fact and/or allegation set forth in the prior and subsequent paragraphs of this complaint with the same force and effect as though more fully set forth at length herein.

59. As set forth above, each of the Defendants wrongfully repossessed the Vehicle and Plaintiff's personal property, located within the vehicle, while breaching the peace.

60. Plaintiff was entitled to immediate possession of the Vehicle and personal property when it was seized by Defendants.

61. Defendants wrongfully deprived Plaintiff of possession of the Vehicle and her personal property by seizing it without any present right to do so.

62. Defendants then held the Vehicle and Plaintiff's personal property for a period of time, thereby exercising control over Plaintiff's property and the Vehicle.

63. Defendants' conversion of Plaintiff's property and the Vehicle harmed Plaintiff, in subjecting Plaintiff to improper deceptive collection activity, in violation of the Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a det, in depriving her of the use of her vehicle, in damaging her personal and residential property and the Vehicle, and by subjecting her to unfair and unconscionable means to collect a debt.

64. Defendants' illegal and willful activity also harmed the Plaintiff by causing her to suffer anger, embarrassment, anxiety, severe emotional distress, and frustration.

65. By reason thereof, Defendants are liable to the Plaintiff for judgment that Defendants wrongfully converted the Plaintiff's vehicle and personal property, actual damages, punitive damages, costs and attorneys' fees.

**FIFTH CAUSE OF ACTION – NEGLIGENCE**

**(Against All Defendants)**

66. Plaintiff incorporates, repeats, reiterates and re-alleges each and every fact and/or allegation set forth in the prior and subsequent paragraphs of this complaint with the same force and effect as though more fully set forth at length herein.

67. At all times relevant herein, Defendants acted negligently, carelessly, recklessly, and/or unlawfully in repossessing Plaintiff's vehicle and, after an unwarranted delay, in reinstating Plaintiff with possession of the Vehicle and her personal property.

68. Plaintiff alleges that at all times relevant herein Defendants knew, or should have known, that no present right to possession existed in the Vehicle or Plaintiff's personal property. Moreover, Defendants knew, or should have known, that there was no financial lien that was unpaid by Plaintiff with respect to the Vehicle as Plaintiff purchased the vehicle from her husband's employer, AJ's Towing, LLC, for a single lump sum payment of $1,500.00.

69. As a direct and proximate result of Defendants' wrongful acts and/or omissions, Plaintiff suffered damages, including, but not limited to, property damage, severe emotional distress, loss of enjoyment of use of her Vehicle, amongst further actual damages.

**<u>SIXTH CAUSE OF ACTION – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS</u>**

**(Against All Defendants)**

70. Plaintiff incorporates, repeats, reiterates and re-alleges each and every fact and/or allegation set forth in the prior and subsequent paragraphs of this complaint with the same force and effect as though more fully set forth at length herein.

71. At all relevant times, Defendant operated a general contractor business. At all relevant times, Defendant was in the business of providing construction services to the general public.

72. Defendants' negligent acts and/or omissions in wrongfully repossessing the Vehicle and the procedure that Plaintiff then was required to follow in order to get her vehicle and personal property reinstated to her inflicted emotional distress upon Plaintiff. Plaintiff was pregnant at the time that the illegal repossession occurred. The emotional distress from the events set forth above caused Plaintiff to suffer a miscarriage in her pregnancy, which ultimately resulted in Plaintiff suffering further and more severe emotional distress and anguish.

73. Defendants' conduct was intentional and malicious and caused Plaintiff to suffer humiliation, embarrassment, mental anguish, physical distress, and emotional distress.

74. As a direct and proximate result of Defendants' actions and the consequences proximately caused by it, as hereinabove alleged, Plaintiff suffered severe humiliation, mental anguish, physical distress, emotional distress, resulting in a miscarriage, which caused Plaintiff even further severe emotional distress. The total sum of damages to be determined at trial based on proof.

**<u>SEVENTH CAUSE OF ACTION – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>**

**(Against All Defendants)**

75. Plaintiff incorporates, repeats, reiterates and re-alleges each and every fact and/or allegation set forth in the prior and subsequent paragraphs of this complaint with the same force and effect as though more fully set forth at length herein.

76. Defendants acted intentionally and willfully and intended to inflict emotional distress upon Plaintiff by way of their conduct in unlawfully repossessing the Vehicle and the ensuing procedure that Plaintiff was required to follow in order to have the Vehicle and her personal property reinstated to her

inflicted emotional distress upon Plaintiff. Plaintiff was pregnant at the time that the illegal repossession occurred. The emotional distress from the events set forth above caused Plaintiff to suffer a miscarriage in her pregnancy, which ultimately resulted in Plaintiff suffering further and more severe emotional distress and anguish.

77. Defendants' conduct was willful, intentional, and malicious and caused Plaintiff to suffer humiliation, embarrassment, mental anguish, physical distress, and emotional distress, among other damages.

78. As a direct and proximate result of Defendants' actions and the consequences proximately caused by it, as hereinabove alleged, Plaintiff suffered severe humiliation, mental anguish, physical distress, emotional distress, resulting in a miscarriage, which caused Plaintiff even further severe emotional distress. The total sum of damages to be determined at trial based on proof.

## DEMAND FOR TRIAL BY JURY

79. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, according to law and according to proof, as follows:

(a) Awarding Plaintiff actual damages incurred;

(b) Awarding Plaintiff statutory damages;

(c) Awarding Plaintiff punitive damages;

(d) Awarding Plaintiff the attorneys' fees and expenses incurred in bringing the instant action;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: February _23__, 2026

JAWANDHA INJURY LAW

Has Jawandha

Has S. Jawandha, Esq.
Attorney for Plaintiff,
ZAMIRA HAZRATI